IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ETIENNE BARKSDALE, | ) 1:23-CV-00263-RAL |
| | ) |
| Plaintiff | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| vs. | ) |
| | ) MEMORANDUM OPINION ON |
| DEPARTMENT OF CORRECTIONS, | ) BARKSDALE'S MOTION FOR |
| RANDY IRWIN, AND OFFICER J. HICKS, | ) MONETARY SANCTIONS |
| | ) |
| Defendants | ) ECF NO. 36 |
| | ) |

MEMORANDUM ORDER

I. Introduction

Plaintiff Etienne Barksdale, an individual currently incarcerated at the State Correctional Institution at Forest ("SCI-Forest"), initiated this pro se civil rights action against the Pennsylvania Department of Corrections ("DOC") and two SCI-Forest prison officials based on Defendants alleged use of Oleoresin Capsicum ("OC") spray despite their knowledge of Barksdale's asthma, hypertension, and mental health issues.[1]  *See* ECF No. 6. The Complaint alleges violations of Barksdale's rights under the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and Pennsylvania tort law.

Barksdale included with his Complaint a motion for emergency injunctive relief asking the Court to enjoin the Defendants from "using [OC] Spray on him due to him being asthmatic and at risk of suffering from a serious bodily injury and/or death" until his underlying claims are

---

[1] The individual Defendants are SCI Forest Superintendent Irwin and Corrections Officer Hicks. *See* ECF No. 1.

litigated. ECF Nos. 8, 9. On March 31, 2024, the Court convened a hearing on the motion.[2] Thereafter, the Court denied Barksdale's request for preliminary injunctive relief for the reasons stated in its Memorandum Order. *See* ECF No. 32. Barksdale now moves for civil contempt sanctions against Defendants for their failure to comply with this Memorandum Order. *See* ECF No. 36 (motion), ECF No. 37 (brief in support). For the reasons that follow, the motion will be DENIED.

II.     Standard of Review

The inherent powers of federal courts include the "well-acknowledged" power "to levy sanctions in response to abusive litigation practices." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980) (citations omitted).[3] A court may, for instance, impose the "less severe sanction of an assessment of attorney's fees . . . when a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (citation omitted). *See Wedgewood Village Pharmacy, Inc. v. United States*, 421 F.3d 263, 268 (3d Cir. 2005) ("penalties for civil contempt are limited to measures to . . . compensate the opposing party for losses sustained as a result of the noncompliance"); *Robin Woods, Inc. v. Woods,* 28 F.3d 396, 400 (3d Cir. 1994) (an award of attorney's fees is appropriate for civil contempt). Stated differently, "[a] litigant's failure to comply with a Court

---

[2] For the reasons stated in the undersigned's prior Report and Recommendation (ECF No. 13), the Court denied Barksdale's request for a TRO and deferred ruling on his request for a preliminary injunction pending service of the Complaint and motion on the Defendants. After issuance of the Report and Recommendation and its adoption by the Court, all parties consented to the jurisdiction of a United States Magistrate Judge. *See* ECF No. 16.

[3] Several statutory and procedural rules of conduct authorize the imposition of sanctions. *See Derzack v. County of Allegheny, Pa.*, 173 F.R.D. 400, 412 (W.D. Pa. 1996) (noting that "courts derive their authority and obligation to monitor and control the conduct of litigation from many sources, including statutory (e.g., 28 U.S.C. § 1927) and procedural (e.g., Fed. R. Civ. P. 11(c), 16(f), 37(b), 41(b), 55)"). Each of these sources is typically "tailored to certain categories of participants or aspects of litigation, and ... subject to procedural and substantive limitations peculiar to each." *Id.* Thus, where misconduct clearly implicates a specific rule or statute, the court should ordinarily resort to that rule or statute when crafting a sanction or discipline. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995). Where no rule applies, however, the court's "inherent power is broad and can be called upon ... to fill-in the interstices between particular rules of conduct." *Derzack*, 173 F.R.D. at 412 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-50 (1991)).

Order . . . can be punished by civil contempt." *Yaworsky v. New Leaf Sols., LLC*, 2014 WL 5393137, at *1 (W.D. Pa. Oct. 22, 2014) (citation omitted).

To prove civil contempt, the plaintiff must show that (1) "a valid order of court existed"; (2) "the defendants had knowledge of the order"; and (3) "the defendants disobeyed the order." *Id.* at *2 (citing *Roe v. Operation Rescue,* 54 F.3d 133, 137 (3d Cir. 1995)). The plaintiff has the "heavy burden" of demonstrating the defendants' civil contempt by "'clear and convincing evidence,' and where there is ground to doubt the wrongfulness of the conduct, [they] should not be adjudged in contempt." *Robin Woods*, 28 F.3d at 399 (quoting *Quinter v. Volkswagen of America,* 676 F.2d 969, 974 (3d Cir. 1982) (*quoting Fox v. Capital Co.,* 96 F.2d 684, 686 (3d Cir. 1938))). That said, "[w]illfulness is not a necessary element of civil contempt," while "good faith is not necessarily a defense." *Yaworsky*, 2014 WL 5393137, at *2 (citing *Harley Davidson, Inc. v. Morris,* 19 F.3d 142, 148–49 (3d Cir. 1994).

### III.   Discussion

Barksdale asks the Court to impose monetary sanctions against the DOC for "acting in bad faith, vexatiously, wantonly, and oppressively after" the Court's March 31, 2024 hearing on his motion for a preliminary injunction (ECF No. 8). ECF No. 36. Barksdale contends that at the hearing, "[t]he DOC, Plaintiff, and the Court all agree[d] that, due to [him] being asthmatic, he is particularly vulnerable to the side-effects caused by OC Spray" and "[t]he Court found that certain DOC Staff at SCI Forest needed to be restrained due to the health risks caused by their abusive use of OC Spray upon [Barksdale]." ECF No. 37 at 1-2. Barksdale avers that since this hearing, "SCI Forest staff members" have "continued to subject [him] to OC Spray Abuse" "in total disobedience" of the Court's "restraining order." *Id.* at 2.

In this case, there is no ground to doubt Defendants' compliance with the Court's Memorandum Order on Barksdale's motion for a preliminary injunction. This is because, contrary to Barksdale's representations, the Court *denied* his motion for injunctive relief. *See* ECF Nos. 13, 16, 32. As such, though the Memorandum Order constituted a "valid order" and Defendants knew about this Order, Barksdale fails to show that the Defendants' "disobeyed" this Order. Accordingly, the Court has no basis for holding the DOC in civil contempt of the Court's Memorandum Order. As such, Barksdale's request that the Court impose monetary sanctions on the DOC for its failure to abide by a court order must be denied.

IV. Conclusion

For the foregoing reasons, Barksdale's motion for monetary sanctions (ECF No. 36) is DENIED.

DATED this 31st day of May, 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE