IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

ETIENNE BARKSDALE,                        )
                                          )
            Plaintiff                     )    1:23-CV-00263-RAL
                                          )
vs.                                       )    RICHARD A. LANZILLO
                                          )    Chief United States Magistrate Judge
DEPARTMENT OF CORRECTIONS,                )
RANDY IRWIN, OFFICER J. HICKS,            )
                                          )    MEMORANDUM ORDER ON
            Defendants                    )    DEFENDANTS' MOTION TO STRIKE, OR
                                          )    ALTERNATIVELY, MOTION TO DISMISS
                                          )    AMENDED COMPLAINT
                                          )
                                          )    ECF NO. 48
                                          )

On December 27, 2024, the Court entered a Memorandum Opinion and Order granting

Defendants' motion for partial judgment on the pleadings. See ECF Nos. 45 (Opinion), 46 (Order).

In its Order, the Court dismissed the following claims with prejudice: (1) Plaintiff Barksdale's §

1983 claims for money damages against the Pennsylvania Department of Corrections ("DOC")

and against individual Defendants Hicks and Irwin in their official capacities, (2) his Fourteenth

Amendment procedural and substantive due process claims, and (3) his Americans with

Disabilities Act ("ADA") claim to the extent it is asserted against Hicks or Irwin. The Court

dismissed the following claims without prejudice and with leave to amend: (1) Plaintiff Barksdale's

Eighth Amendment supervisory liability claim against Irwin, and (2) his ADA claim against the

DOC.

Barksdale filed an Amended Complaint, which the Clerk of the Court received for filing

on January 29, 2025. ECF No. 47. The substantive allegations of the Amended Complaint are

substantially the same as those of Barksdale's original Complaint, and it purports to reassert certain

1

claims that were dismissed with prejudice.  Defendants have moved to strike or, alternatively, to dismiss the Amended Complaint based on its failure to comply with the Court's prior Order and its failure to cure the defects in the claims of the original Complaint that the Court dismissed without prejudice.  Having carefully reviewed the Amended Complaint, the Court finds that its allegations fail to cure any of the defects identified in its order of December 27, 2024.  The Court also finds that granting Barksdale further leave to amend his pleading would be futile.  The Court previously identified with specificity the deficiencies of the claims that it dismissed without prejudice and granted Barksdale the opportunity to plead additional facts to cure those deficiencies.  Barksdale's Amended Complaint demonstrates that he is unable to do so.  Accordingly, in addition to the claims previously dismissed with prejudice, Barksdale's Eighth Amendment supervisory liability claim against Irwin and his ADA claim against the DOC are hereby dismissed with prejudice.   Dismissal of these claims is appropriate for the reasons identified by Defendants and also pursuant 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.  These claims are "subject to sua sponte screening for dismissal pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A because [Barksdale] is a prisoner proceeding pro se and is seeking redress from a governmental employee or entity." *Sanchez v. Coleman,* 2014 WL 7392400, at *4 (W.D. Pa. Dec. 11, 2014) (citing *Stackhouse v. Crocker*, 266 Fed. Appx. 189, 190 (3d Cir. 2008)). The Prison Litigation Reform Act ("PLRA") requires a district court to assess a civil complaint in which a prisoner proceeds in forma pauperis (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). *See e.g., Sanchez*, 2014 WL 7392400, at *4; *Hill v. Carpenter*, 2011 WL 8899478, at *2 (M.D. Pa. Aug. 3, 2011), *report and recommendation adopted*, 2012 WL 3779364 (M.D. Pa. Aug. 30, 2012) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)) ("This Court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs

2

given leave to proceed in forma pauperis in cases which seek redress against government officials."). Among other things, that statute requires the Court to dismiss any claim that the Court determines to be "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); Muchler v. Greenwald, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). Barksdale is proceeding in forma pauperis, and his Amended Complaint fails to state an Eighth Amendment supervisory liability claim against Irwin or an ADA claim against the DOC.

Following this Order, Barksdale's only surviving claims are his Eighth Amendment excessive force claim and his assault and battery claim against Hicks, which Barksdale reasserts in his Amended Complaint. To the extent that Defendants' motion requests the Court to strike the Amended Complaint, the motion is DENIED as moot. Hicks is hereby ORDERED to file an Answer to these surviving claims on or before March 6, 2025.

DATED this 14th day of February, 2025.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE