IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| ETIENNE BARKSDALE,<br><br>Plaintiff<br><br>vs.<br><br>OFFICER J. HICKS,<br><br>Defendant | 1:23-CV-00263-RAL<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>MEMORANDUM ORDER ON PLAINTIFF'S<br>MOTION FOR RECONSIDERATION<br><br>RE ECF NO. 53 |

Presently before the Court is Plaintiff Etienne Barksdale's brief in opposition to Defendants' motion to strike (ECF No. 53), which the Court construes as a motion for reconsideration of its Orders of December 27, 2024 (ECF No. 46) and February 14, 2025 (ECF No. 50). For the reasons discussed below, the motion will be denied.

On December 27, 2024, the Court entered a Memorandum Opinion and Order granting Defendants' motion for partial judgment on the pleadings. *See* ECF Nos. 45 (Opinion), 46 (Order). In its Order, the Court dismissed the following claims of Plaintiff Barksdale's Complaint with prejudice: (1) his § 1983 claims for money damages against the Pennsylvania Department of Corrections ("DOC") and against individual Defendants Hicks and Irwin in their official capacities, (2) his Fourteenth Amendment procedural and substantive due process claims, and (3) his Americans with Disabilities Act ("ADA") claim to the extent it is asserted against Hicks or Irwin. The Court dismissed the following claims without prejudice and with leave to amend: (1) Barksdale's Eighth Amendment supervisory liability claim against Irwin, and (2) his ADA claim against the DOC.

Barksdale filed an Amended Complaint, which the Clerk of the Court received for filing on January 29, 2025. ECF No. 47. The substantive allegations of the Amended Complaint were

substantially the same as those of Barksdale's original Complaint, and it purported to reassert certain claims that the Court had dismissed with prejudice. This prompted Defendants to move to strike or, alternatively, to dismiss the Amended Complaint based on its failure to comply with the Court's prior Order and its failure to cure the defects in the claims of the original Complaint that the Court dismissed without prejudice. After carefully reviewing the Amended Complaint, the Court concluded that its allegations failed to cure any of the defects identified in its order of December 27, 2024. The Court also found that granting Barksdale further leave to amend his pleading would be futile. Based on these findings, the Court entered a Memorandum Order on February 14, 2025, dismissing, with prejudice, Barksdale's Eighth Amendment supervisory liability claim against Irwin and his ADA claim against the DOC. ECF No. 50. Following this Order, two claims remain in this action: Barksdale's Eighth Amendment excessive force claim and his assault and battery claim against Hicks, which Barksdale reasserted in his Amended Complaint.

In his instant motion, Plaintiff seeks reconsideration of the Court's Orders of December 27, 2024 (ECF No. 46) and February 14, 2025 (ECF No. 50) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The purpose of such a motion is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). As such, the movant must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made, *Williams v. Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998), or to relitigate issues already resolved by the court and/or advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995). Thus, litigants must "evaluate whether what

may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 n.3 (M.D. Pa. 1994) (internal quotation omitted).

In the instant case, Plaintiff contends that the Court erroneously dismissed claims of his Amended Complaint that, under a liberal construction, should have survived Defendants' motion. Plaintiff has failed, however, to identify any facts or arguments that were not considered by the Court at the time that it rendered its decision. Instead, he simply conveys his dissatisfaction with the Court's conclusion. Courts properly reject requests for reconsideration based on mere disagreements between a litigant and the court. *Williams*, 32 F.Supp.2d at 238 (motions for reconsideration should not be used "to retry issues the court already decided"); *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("Such motions are not to be used as an opportunity to relitigate the case.").

In short, Plaintiff has failed to demonstrate that the Court's decision was clearly erroneous or manifestly unjust. Plaintiff's motion for reconsideration [ECF No. 53] is therefore DENIED.

SO ORDERED, this 24th day of April 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE