IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

ETIENNE BARKSDALE,                          )
                                            )
        Plaintiff                           )   1:23-CV-00263-RAL
                                            )
    vs.                                     )   RICHARD A. LANZILLO
                                            )   Chief United States Magistrate Judge
OFFICER J. HICKS,                           )
                                            )   MEMORANDUM OPINION ON
        Defendant                           )   DEFENDANT'S MOTION FOR
                                            )   SUMMARY JUDGMENT
                                            )
                                            )
                                            )   RE: ECF NO. 67
                                            )

I.      Relevant Procedural History

Plaintiff Etienne Barksdale, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), initiated this pro se action against the DOC and two DOC officials employed at its State Correctional Institution at Forest ("SCI-Forest")—Superintendent Irwin and Corrections Officer Hicks. During prior proceedings, the Court dismissed all claims except two related claims against Hicks, an Eighth Amendment excessive force claim and a state law assault and battery claim. *See* ECF No. 50.

Officer Hicks now moves for summary judgment based on multiple grounds, including the affirmative defense that Barksdale did not exhaust his administrative remedies before filing this action. *See* ECF No. 67. In accordance with LCvR 56, Hicks accompanied his motion with a supporting brief (ECF No. 68), a concise

statement of material facts (ECF No. 69), and an appendix of exhibits (ECF No. 70), including audio/visual exhibits (ECF No. 72).

The Court ordered Barksdale to file a response to Hicks' motion by November 6, 2025. ECF No. 71. On Barksdale's motion (ECF No. 73), the Court granted Barksdale an extension to respond until December 21, 2025. *See* ECF No. 74. Barksdale failed to file any response by this extended deadline. On January 7, 2026, the Court ordered Barksdale either to explain his failure or file his responsive documents by January 27, 2026. ECF No. 75. The Court specifically warned Barksdale that his failure to respond to Hicks' concise statement of material facts would result in each of Hicks' properly supported factual statements being deemed admitted. *Id.* As of the date of this Memorandum Opinion, Barksdale has not filed any response to Hicks' motion, sought a further extension of time, or otherwise communicated with the Court.

II.    Material Facts[1]

On April 13, 2023, Officer Hicks ordered Barksdale to uncover his cell window, but he failed to respond. ECF No. 69, ¶ 4. In an attempt to obtain Barksdale's compliance, Hicks deployed OC spray into Barksdale's cell. *Id.* On June 16, 2023, Barksdale filed Grievance No.1040175 complaining that Hicks had verbally harassed and threatened him with physical violence. *Id.* ¶¶ 112-116. On July 7, 2023, the SCI-

---

[1] The material facts are taken from Hicks' Concise Statement of Material Facts. *See* ECF No. 69. Because Barksdale failed to file a responsive Concise Statement of Material Facts, all properly supported statements of fact in Hicks' Concise Statement are deemed admitted. Only limited background facts and facts relating to Hicks' exhaustion of administrative remedies defense are included herein because Hicks' exhaustion defense is dispositive of Barksdale's remaining claims.

Forest Grievance Coordinator notified Barksdale that the staff required an extension to investigate and respond to his grievance. *Id.* ¶ 117. On August 28, 2023, Barksdale was notified that the staff required a further extension to respond to the grievance. *Id.* ¶ 118. On September 3, 2023, Security Lieutenant Shane Kopchick filed the initial review response denying Grievance No. 1040175. *Id.* ¶ 119.

The initial review response stated that an investigation had been conducted in accordance with the DC-ADM 001 abuse policy and that Barksdale's allegations had been determined to be unfounded. *Id.* ¶120. This determination was based on review of the DIVAR video surveillance recording, statements and interviews of those involved, and a lack of evidence to support Barksdale's allegations. *Id.* ¶ 121. The DOC Bureau of Internal Investigations ("BII") agreed with the findings of the investigation. *Id.* ¶ 122. Barksdale did not file an appeal from the denial of Grievance No. 1040175. *Id.* ¶¶ 123-26.

III.    Standard of Review

Federal Rule of Civil Procedure 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257.

3

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his pleadings with record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

IV.   Analysis

Hicks seeks summary judgment based on, among other grounds, Barksdale's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) ("PLRA"). "Under the PLRA, exhaustion is a precondition for bringing suit under § 1983." *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013) (citing 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions ... until such administrative remedies as are available are exhausted.")). But a prisoner's failure to exhaust administrative remedies is not jurisdictional. *See Woodford v. Ngo*, 548 U.S. 81, 101 (2006). Rather, it is an affirmative defense a defendant must plead and prove. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Once properly raised, however, exhaustion presents "a

'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'" *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013) (quoting *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010)). As such, it is an "issue that the District Court must address before it can reach the merits of a prisoner's complaint." *Brown v. Sprenkle*, 827 Fed. Appx. 229, 231 (3d Cir. 2020). Therefore, the Court will first assess Hicks' exhaustion defense.[2]

The DOC's general grievance policy, DC-ADM 804, requires inmates to satisfy a three-step grievance and appeals process. First, "within 15 working days after the event upon which the claim is based," the prisoner must submit a written grievance for review by the Facility Grievance Coordinator ("FGC") using the appropriate form. DC-ADM 804, § 1.A.8. Unless extended, the FGC must provide an initial review response to the grievance to the inmate "within 15 working days from the date the grievance was entered into the Automated Inmate Grievance Tracking System." *Id.* at § 1.C.5.g. Second, "if the FGC has rejected the grievance or the inmate is otherwise dissatisfied with the initial review response," the inmate may appeal to the prison's Facility Manager "within 15 working days from the date" the inmate receives "the initial review response/rejection." *Id.* at § 2.A.1.a, b. The Facility Manager must then notify the inmate in writing "of his/her decision within 15 working days of receiving the appeal." *Id.* at § 2.A.2.d. Finally, "[a]ny inmate who is dissatisfied with the disposition of an appeal from the [Facility Manager]" may appeal to the Secretary's

---

[2] Because the Court finds this defense dispositive of Barksdale's remaining claims, it will not reach the merits-based grounds asserted by Hicks in support of his motion for summary judgment.

Office of Inmate Grievances and Appeals ("SOIGA") "within 15 working days from the date of the [Facility Manager's] decision." *Id.* at § 2.B.1.b.

In support of their PLRA exhaustion defense, Hicks submitted Barksdale's Grievance No. 1040175 and the FGC's initial review response and declarations from Michael Bell, a SOIGA records custodian, and Lisa Reeher, the SCI-Forest Superintendent's Assistant. *See* ECF Nos. 70-9, 70-11, 70-12. Bell attested that, as a SOIGA officer, he has access to all inmate grievance records, that he has reviewed the pertinent DOC records for Grievance No. 1040175, and that Barksdale never appealed the denial of Grievance No. 1040175 at any level. ECF No. 70-11 ¶¶ 2, 10-13. Reeher similarly attested that SCI-Forest has no record of any appeal by Barksdale from the denial of Grievance No. 1040175. ECF No. 70-12 ¶¶ 10-13. These submissions satisfy Hicks' threshold burden of demonstrating through record evidence that Barksdale did not administratively exhaust his excessive force claim against Hicks.

Barksdale has not raised any argument or record to challenge Hicks' assertions or excuse his failure to exhaust his administrative remedies. *See Childers v. Joseph*, 842 F.2d 689, 694-95 (3d Cir. 1988) ("If the moving party has satisfied its initial burden, the nonmoving party must, in their opposition to the motion, identify evidence of record that creates a genuine issue of material fact."). Because no genuine dispute exists regarding Barksdale's failure to exhaust his administrative remedies as to his excessive force claim against Hicks, Hicks is entitled to judgment as a matter of law.

6

V.    Conclusion

For the foregoing reasons, Hicks' motion for summary judgment will be granted.  An Order of Judgment will issue separately.


DATED this 15th day of June, 2026.


BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE